HENRY E. SHANNON, ADMINISTRATOR, *vs.* C. ANTOIN-
ETTE FISKE MERENESS.

Third Judicial District, Bridgeport, October Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Proof of an existing indebtedness is essential to a foreclosure of the mortgage alleged to have been given to secure it, and the burden of proving such indebtedness rests upon the plaintiff who asserts it. If he fails upon this branch of the case, a finding that the note and mortgage were procured by the plaintiff through fraud and misrepresentation, as alleged by the defendant, becomes of no practical importance.

Submitted on briefs October 26th—decided December 17th, 1915.

ACTION to foreclose a mortgage of real estate, given to secure payment of a promissory note of the defendant, brought to and tried by the Superior Court in Fairfield County, *Burpee, J.;* facts found and judgment rendered for the defendant declaring the note and mortgage null and void, and appeal by the plaintiff. *No error.*

*Henry E. Shannon* and *Frank L. Wilder,* for the appellant (plaintiff).

*Edward K. Nicholson,* for the appellee (defendant).

PER CURIAM. The plaintiff, an administrator, brings his action to foreclose a mortgage of realty claimed to have been owned and held by his intestate at his decease. He alleges that on March 29th, 1898, the defendant owed his intestate the sum of $500, as evidenced by her promissory note of that date; that on that date she mortgaged to his intestate a certain piece of land to secure this note; and that the note is due and

unpaid and still forms a part of the intestate's estate. The defendant, admitting the execution of the note and mortgage, denies the allegation of indebtedness, and answers, further: (1) that they were without consideration, and (2) that they were procured from her by fraud and misrepresentation. By way of counterclaim she asks that they be declared null and void. The averments of the answer are denied.

The court found all the issues in favor of the defendant, and rendered judgment in her favor which declared the note and mortgage void. Its finding, containing twenty-one paragraphs, sets out the ultimate and subordinate facts involved in these conclusions. In his appeal the plaintiff charges that the court erred in finding each and every one of these paragraphs save one, in not finding the facts as he had stated them in his proposed finding, and in refusing a judgment of foreclosure.

The judgment of the court below was clearly correct unless there was shown to be an existing mortgage indebtedness. The plaintiff alleged such indebtedness, and the burden was upon him to prove it. The note was not produced in court, and no explanation of its nonappearance made. The plaintiff was thus without the prima facie proof which it would have afforded, and was obliged to rely upon the oral testimony he produced. This was most unconvincing. There was no evidence that either note or mortgage had been seen for about fifteen years. No witness, as far as appears, ever saw either, and there was no testimony that either was in existence at the time of the intestate's death in 1905 or, for that matter, long before. The administrator had no knowledge to supply. He was thus left substantially without proof of the vital fact of a present indebtedness.

Beyond this, the court was fully justified in finding

that the intestate became possessed of the note without consideration, and that it never represented an existing obligation.

In view of these facts, reasonably found, the further finding of the court, that the note and mortgage were procured by the plaintiff's intestate through fraud and misrepresentation, becomes of no practical importance, and we need not concern ourselves about its support in the testimony.

There is no error.